UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JERRY ALEXANDER MENCHU,

        Plaintiff,

        v.

LEGACY HEALTH SYSTEM, *et al*,

        Defendants.

No. 3:12-cv-02075-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

    At the same time he filed his Complaint, Menchu filed his first Motion for Appointment of Counsel (docket #3) which this Court denied with leave to renew after defendants were served and responded to the Complaint (docket #8). After Menchu was granted lave to proceed *in forma pauperis* (docket #6) and after defendants were served and filed their Answer (dockets ## 12-18), Menchu filed a second Motion for Appointment of Counsel (docket #20). On January 16, 2013, this Court granted that motion for the purpose of representing Menchu through mediation (docket # 22) and also referred the case to mediation (docket #23). Over the course of the next four months, this Court terminated and appointed 10 pro bono counsel until one finally accepted the appointment on May 8, 2013 (docket #71).

    A mediation was held on August 22, 2013. However, prior to the mediation, Menchu complained about his pro bono counsel, prompting that counsel to file a Motion to Withdraw

1 – OPINION AND ORDER

(docket #73) which was granted (docket #76).  As required by the Court (docket #77), Menchu attended the mediation on August 22, 2013, but it was not successful.  Menchu has now filed his third Motion for Appointment of Counsel (docket #81).  That motion is denied for the following reasons.

    Generally, there is no constitutional right to counsel in a civil case.  *United States v. $292,888.04 in U.S. Currency,* 54 F3d 564, 569 (9th Cir 1995) ("*$292.888.04*"); *United States v. 30.64 Acres of Land*, 795 F2d 796, 801 (9th Cir 1986).   However, pursuant to the Prison Litigation Reform Act, 28 USC § 1915(e)(1), a court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  *$292,888.04*, 54 F3d at 569; *Wood v. Housewright*, 900 F2d 1332, 1335 (9th Cir 1990); *Wilborn v. Escalderon*, 789 F2d 1328, 1331 (9th Cir 1986).  While this Court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment.  *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 US 296, 301-08 (1989).  There are no funds available to pay the services of such volunteer counsel.

    In order to determine whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the pro se plaintiff to articulate his or her claim in light of the complexity of the legal issues involved.  *$292,888.04*, 54 F3d at 569; *Wood*, 900 F2d at 1335-36; *Wilborn*, 789 F2d at 1331.  However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)."  *Wilborn*, 789 F2d at 1331 (footnote omitted); *Terrell v. Brewer*, 935 F2d 1015, 1017 (9th  Cir 1991).

    To date, it is unclear whether Menchu is likely to succeed on the merits.  Nonetheless, he has demonstrated sufficient ability to articulate his claims.  Although Menchu lacks legal

training, he has been employed as an interpreter, indicating that he possesses a high level of language skills. Those skills are revealed by his Complaint which sufficiently alleges his claims as well as any complaint drafted by an attorney. Both the Court and defendants can comprehend and address his legal theories. Moreover, Menchu has demonstrated his ability to represent himself in related administrative proceedings and in another case filed in this Court, *Menchu v. U.S. Dep't of Health & Human Servs.*, 3:12-cv-01366-AC, appealing the withholding of information requested by him under Freedom of Information Act, 5 USC § 552 ("FOIA"). In that case, he defended a summary judgment motion and filed his own cross-motion for summary judgment, resulting in a Findings and Recommendation in his favor which has been referred back to the Magistrate Judge for further limited proceedings. There are no exceptional circumstances warranting an effort to obtain volunteer counsel to assist Menchu in prosecuting this case.

Even though no exceptional circumstances support appointment of counsel for Menchu, this Court previously appointed pro bono counsel for the limited purpose of mediation in the hope of increasing the prospect of a settlement. To do so, it ran through a substantial portion of available pro bono counsel, and only a few are left on the pro bono panel to even appoint. Moreover, in anticipation of mediation, Menchu's prior pro bono counsel spent over 20 hours investigating Menchu's claims, obtaining some discovery, providing a written evaluation to Menchu, and drafting a mediation statement. Although Menchu now accuses his prior counsel of misconduct, he obtained substantial benefit from that representation. Had he not forced his attorney's withdrawal, that representation may well have continued after the mediation. Under these circumstances, no reason exists to appoint new counsel.

3 – OPINION AND ORDER

Menchu warned the Court that he would appeal any denial of his Motion for Appointment of Counsel.  Since he has no right to appointed counsel and forced the withdrawal of his prior appointed pro bono counsel, any such appeal would be frivolous and taken in bad faith.

## **ORDER**

Menchu's third Motion for Appointment of Counsel (docket #81) is DENIED.

DATED  September 11, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
