UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JERRY ALEXANDER MENCHU,

        Plaintiff,

                                                No. 3:12-cv-02075-ST

    v.

                                                OPINION AND ORDER

LEGACY HEALTH SYSTEM, *et al*,

        Defendants.

STEWART, Magistrate Judge:

        Pursuant to FRCP 37(a)(1), plaintiff, Jerry Alexander Menchu ("Menchu"), on

October 15, 2013, filed a Motion to Compel Production by defendant, Legacy Health System

("Legacy"), of all non-privileged materials responsive to his First Request for Production of

Documents within two calendar days after entry of an Order on his motion (docket #90).   He

calculated that Legacy's response was due October 13, 2013, 30 days after he had sent his

request to Legacy's counsel on September 13, 2013.  He noted that Legacy served its objections

on October 14, 2013, but did not provide responsive documents by the time he filed his motion.

Although he did not include a certification of conferral prior to filing his motion as required by

LR 7-1(a), he stated that he had "made every reasonable effort to resolve this issue without court

intervention."

1 – OPINION AND ORDER

Contrary to Menchu's calculation, Legacy did, in fact, timely submit a response to Menchu's First Request for Production of Documents.  Menchu delivered his First Request for Production of Documents to Legacy's counsel by mail on Saturday, September 14, 2013, followed by an email on Sunday, September 15, 2013.  Love-Geiger Decl., ¶ 2 & Ex. 1. Pursuant to FRCP 34(b)(2)(A),  responses to requests for production are due within 30 days after being served, excluding the day of the triggering event and the last day which falls on a weekend or holiday.   FRCP 6(d) adds three days to that deadline for service.   Thus, Legacy's response was due 30 days after September 14, or by Monday, October 14, 2013.  Since October 14, 2013, was a federal holiday, the response was due three days after the next business day, or by Friday, October 18, 2013.   Legacy met that deadline by emailing and mailing Defendants' Response to Plaintiff's First Request for Production ("Response") to Menchu on Monday, October 14, 2013, and by mailing several hundred pages of responsive documents to him that same day.  *Id*, ¶ 3 & Ex. 2.

As is evident from the subsequent email exchange between Menchu and Legacy's counsel, Menchu filed his motion since he had only received Legacy's Response and none of the responsive documents by October 15, 2013.   After receiving the motion, Legacy's counsel explained that he had complied with the 30-day deadline and asked Menchu to withdraw the motion.   *Id*, Ex. 3, pp. 2-3.  On October 16, 2013, Menchu agreed to withdraw his motion "if you can assure in writing that all materials given to Legacy Health by [K]ila Mitchell in regards of any complai[n]ts she may had [*sic*] against me, has [*sic*] been sent to me."  *Id*, p. 3.  This comment was apparently made in response to Legacy's Response to Request for Production No. 2 that it "will produce any written response received from Ms. Mitchell regarding Plaintiff."  *Id*, Ex. 2, p. 4.  However, Menchu had not yet received any of those documents by then.  By email

dated October 23, 2013, Legacy's counsel again explained that he had timely sent a Response, that Legacy had produced responsive documents, including "writings by Ms. Mitchell about [Menchu], as well as security reports about [Menchu]," that whether or not Legacy had produced all responsive documents to Request for Production No. 2 "is another matter," and that Legacy would seek attorney fees to defend the motion if it was not withdrawn.  *Id*, Ex. 3, p. 1.

This motion could have been avoided if Menchu had complied with LR 7-1 and contacted Legacy's counsel before filing the motion.  He would then have learned that the deadline for Legacy's response had not yet passed.  Even though he is representing himself, Menchu is bound to become familiar with and follow all rules of this court.  Furthermore, Menchu did receive responsive documents from Legacy within the deadline set by the Federal Rules of Civil Procedure.  Given that Legacy's Response and production of responsive documents was timely, Menchu's motion must be denied.

Due to Menchu's failure to withdraw his motion after being given an opportunity to do so, Legacy requests an award of its reasonable attorney fees in the sum of $1,635.00 for the 6.60 hours incurred by two attorneys to respond to the motion.  *Id*, Ex. 4.  When a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant . . .to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  FRCP 37(a)(5)(B).  However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  Here the circumstances make an award of expenses unjust.  Menchu filed this motion based on his good faith, but erroneous, belief that 30 days means 30 days, without fully understanding how the federal rules add to that time period.  Some attorneys also make that same mistake.  Therefore, this court declines to impose this sanction on Menchu.

However, Menchu is cautioned that he must not file any further motions with the court without complying with LR 7-1 and first conferring with opposing counsel.  Failure to do so will result in denial of his motion.  In addition, if warranted by the applicable rules, Menchu may be ordered to pay attorney fees of the prevailing party.

## **ORDER**

Menchu's Motion to Compel Production (docket #90) is DENIED.

DATED  November 6, 2013.

s/ Janice M. Stewart
_____
Janice M. Stewart
United States Magistrate Judge