# Exhibit 1

UNITED STATES POSTAL SERVICE

PRIORITY MAIL®

Mailing Envelope

For Domestic and International Use

Visit u  ʒt usps.com

US POSTAGE AND FEES P...

USPS PRIORITY MAIL®

MAY 03 2011

DOLMAILROOM

0006

SHIP
TO:

department of justice
twidjth] penrsylvania ave
Atln Postal coordinator
Washington d c 20530 0001

USPS TRACKING #

9405 5 102 00/9 3691 5 170 56

EXHIBIT

Exhibit   4

EXHIBIT

000001

**U.S. Department of Justice**

Civil Rights Division

*Federal Coordination and Compliance Section-NWB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

AUG - 5 2011

Doc #374229

Mr. Jerry Menchu
1001 SW 5th Avenue
Suite #1100
Portland, OR 97204

Dear Mr. Shavers:

    Your letter was received by the Federal Coordination and Compliance Section of the Civil Rights Division of the U.S. Department of Justice. We have considered carefully the information you have provided, but the matter does not appear to be within the jurisdiction of our office.

    However, by the enclosed letter, we have referred the matter to the agency that is most likely to assist you. If you have any questions, please contact the U.S. Equal Employment Opportunity Commission at (202) 663-4001.

                    Sincerely,

                    Deanna Jang by Richard Shavers

                    Deeana Jang
                    Chief
            Federal Coordination and Compliance Section
                    Civil Rights Division

Enclosure

Exhibit 1

EXHIBIT
0 0 0 0 0 2 0 0 0 2

**U.S. Department of Justice**

Civil Rights Division

*Federal Coordination and Compliance Section-NWB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

Doc #374229

**DEC 1 2 2011**

Mr. Jerry Menchu
1001 SW 5th Avenue
Suite #1100
Portland, OR 97204

Dear Mr. Menchu:

Your letter has been received by the Federal Coordination and Compliance Section of the Civil Rights Division of the U.S. Department of Justice.

This Section coordinates the enforcement of various statutes that prohibit discrimination on the basis of race, color, national origin, sex, and religion in programs that receive federal financial assistance. We also investigate complaints of discrimination on these bases against certain recipients of federal financial assistance from the U.S. Department of Justice (DOJ). DOJ's recipients mainly include police and sheriffs' departments, state departments of corrections, courts, and other similar entities.

The circumstances you describe in your letter do not appear to allege a violation of the statutes we enforce. We regret that we cannot be of assistance to you in this matter.

Sincerely,

Deeana Jang
Chief
Federal Coordination and Compliance Section
Civil Rights Division

Exhibit 1

EXHIBIT
0 0 0 0 0 3

# Exhibit 2



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
Voice - (206) 615-2290, (800) 362-1710
TDD - (206) 615-2296, (800) 537-7697
(FAX) - (206) 615-2297
http://www.hhs.gov/ocr/

**OFFICE OF THE SECRETARY**
**Office for Civil Rights, Region X**
**2201 Sixth Avenue, Mail Stop RX-11**
**Seattle, WA 98121-1831**

Date:  **DEC 2 2 2011**

Mr. Jerry A. Menchu
1190 SW 170th Avenue #202
Beaverton, OR  97006

RE:    OCR Transaction No. 12-133131

Dear Mr. Menchu:

Thank you for your complaint received on October 6, 2011, by the U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR). OCR has accepted your civil rights complaint and is investigating your allegations that you were falsely accused of "harassing" and "stalking" a Legacy Health System (Legacy) employee, and Legacy permanently barred you from seeking non-emergency medical services at any Legacy facility on the basis of your national origin (Latino) and sex (male).

You also advised OCR that were a contractor with CareOregon as a medical interpreter, but, since you have been barred from Legacy facilities, CareOregon no longer assigns you clients. However, you stated that you did ot want to pursue a complaint against Care Oregon. Thus, OCR will take no action with respect to that issue.

Enclosed please find a copy of additional information about OCR's **Complaint Resolution Process.** Please read this information and keep it so you can refer to it later. In the event that you move, change your telephone number or obtain a new email address during the course of OCR's investigation, please inform us so we can keep our records current.

Under the Freedom of Information Act, we may be required to release this letter and other information about this case upon request by the public. In the event OCR receives such a request, we will make every effort, as permitted by law, to protect information that identifies individuals or that, if released, could constitute a clearly unwarranted invasion of personal privacy.

Our office is committed to resolving your complaint as quickly as possible. If you have questions regarding this letter, please do not hesitate to contact Marisa M. Smith, PhD, of my staff, at (206) 615-3674 (Voice), (800) 362-1710 (Toll-free), or (206) 615-2296 (TDD). When contacting this office, please remember to include the transaction number we have given this complaint.

Sincerely yours,

Linda Yuu Connor
Regional Manager

Exhibit 2

EXHIBIT

000001

Enclosure

# Exhibit 3



Jerry Mencho
1001 SW 5th ave #1108
Po. ud OR. 97204

16 JAN 2012 PM 2 T
PORTLAND OR 972

RECEIVED
JAN 19 2012
CIVIL RIGH--
POR--

97232+3601

Bureau of Labor & Industries
Civil Rights Division
800 NE Oregon St., Suite #1045
Portland, OR. 97232

Exhibit 3

EXHIBIT

000001

# Exhibit 4

# Oregon

**Bureau of Labor and Industries**
Brad Avakian
Commissioner

January 26, 2012

JERRY A MENCHU
1001 SW 5TH AVE #1100
PORTLAND, OR 97204

RE:    Complainant:    Jerry A Menchu
       Respondent:     Legacy Health
       Case #:         STPARC120120-10061

Enclosed is a copy of the complaint of unlawful discrimination you filed with the Civil Rights Division on January 20, 2012.

Your complaint has been assigned to Mark Hansen, Senior Investigator (phone number 971-673-0798). You will be contacted by your investigator to make arrangements for an in-depth telephone interview on your case.

This interview will be your primary opportunity to persuade the Civil Rights Division that your complaint meets the Division's criteria for further investigation. Please read the enclosed information.

As a result of your interview, the Division will either investigate this matter further or administratively close the case. If your case closes, you will be issued a "Notice of Right to File a Civil Suit," explaining your right to file suit on the same issues in court.

If for any reason you need to reschedule your interview once it has been scheduled, please communicate with your investigator no later than five working days in advance. If you fail to be available for this interview at the scheduled time, your complaint may be administratively closed. Thank you for your immediate attention to this matter.

Sincerely,

CIVIL RIGHTS DIVISION
Administrative Support Unit
Amy K. Klare, CRD Administrator

Enclosure(s): Complaint of Unlawful Discrimination

cp

Exhibit 4

EXHIBIT
0 0 0 0 0 1

---

**PORTLAND**
800 NE Oregon St. Suite 1045
Portland, OR 97232-2180
(971) 673-0761
Fax (971) 673-0762

**EUGENE**
1400 Executive Parkway, Suite 200
Eugene, OR 97401-7103
(541) 686-7623
FAX (541) 686-7980

**BEND**
Apprenticeship and Training
Worksource Bend
1645 NE Forbes Rd, Ste 106
Bend, OR 97701-4990
(541) 322-2435
FAX (541) 389-8265

**MEDFORD**
Apprenticeship and Training
119 N Oakdale Ave.
Medford, OR 97501-2629
(541) 776-6201
FAX (541) 776-6284

**SALEM**
3865 Wolverine St. NE; E-1
Salem, OR 97305-1268
(503) 378-3292
FAX (503) 373-7636

Oregon Relay TTY:711

www.oregon.gov/boli
AN EQUAL OPPORTUNITY EMPLOYER

**PENDLETON**
Civil Rights
1327 SE 3rd St.
Pendleton, OR 97801-4101
(541) 276-7884
FAX (541) 276-5767

# Exhibit 5



**Oregon**

**Bureau of Labor and Industries**
Brad Avakian
Commissioner

April 26, 2012

JERRY A MENCHU
1001 SW 5TH AVE #1100
PORTLAND, OR 97204

RE:    Complainant:    Jerry A Menchu
       Respondent:     Legacy Health
       Case #:         STPARC120120-10061

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been dismissed because the Division did not find sufficient evidence to continue our investigation. This is the Bureau's final determination. If you disagree with this determination, you may wish to consult an attorney regarding your right to file a civil suit.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
Even though the Civil Rights Division has closed this case, the Oregon Revised Statutes gives you the right to file a suit in a state circuit court based on the allegations in this complaint. Pursuant to ORS 659A.880 this action must be commenced within 90 calendar days from the above mailing date. After 90 calendar days from the above mailing date, the right to file in state circuit court is lost.

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, you must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). If you are interested in protecting these rights, you should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

Requests for copies or viewing this file will be processed as explained on the enclosed double-sided Request for Public Records form.

Sincerely,


CIVIL RIGHTS DIVISION
Administrative Support Unit
Amy K Klare, CRD Administrator

Enclosure(s)

cc:    Legacy Health, Respondent
       Legacy Health, Respondent Headquarters
       P C Groner, Registered Agent

Exhibit  5

EXHIBIT

0 0 0 0 0 1

**PORTLAND**
800 NE Oregon St. Suite 1045
Portland, OR 97232-2180
(971) 673-0761
Fax (971) 673-0762

**EUGENE**
1400 Executive Parkway, Suite 200
Eugene, OR 97401-7103
(541) 686-7623
FAX (541) 686-7980

**BEND**
Apprenticeship and Training
Worksource Bend
1645 NE Forbes Rd, Ste 106
Bend, OR 97701-4990
(541) 322-2435
FAX (541) 389-8265

**MEDFORD**
Apprenticeship and Training
119 N Oakdale Ave.
Medford, OR 97501-2629
(541) 776-6201
FAX (541) 776-6284

**SALEM**
3865 Wolverine St. NE, E-1
Salem, OR 97305-1268
(503) 378-3292
FAX (503) 373-7636

Oregon Relay TTY:711

www.oregon.gov/boli
AN EQUAL OPPORTUNITY EMPLOYER

**PENDLETON**
Civil Rights
1327 SE 3rd St.
Pendleton, OR 97801-4101
(541) 276-7884
FAX (541) 276-5767

# Exhibit 6

IN THE COURT OF APPEALS OF THE STATE OF OREGON

**Jerry Alexander Menchu**

[LINE 1 – Name of petitioner(s)]        Petitioner

v.

**Bureau of Labor and Industries**

**Legacy Health**

[LINE 2]        Respondent(s).

Agency Case No. **STPARC120120-70061**

## PETITION FOR JUDICIAL REVIEW

**1.**

Petitioner seeks judicial review of the final order of the **Bureau of Labor and Industries** in this
case, dated ~~January 26, 2012~~ – **April 26, 2012** 1(a) Name of agency
**April 26, 2012** 1(b)

**2.**

The parties to this review are:

5th suite: #1100    97204  "Menchu36@gmail.com"

**Jerry A. Menchu 1001 SW 5th avenue Portland OR 97~~2~~** "Manger28@hotmail.com"

YOUR NAME, ADDRESS, and PHONE NUMBER (and EMAIL ADDRESS if you agree to receive all court correspondences by email)

**Jerry Menchu PH. 503-334-7043**    (PETITIONER)

97232-2180

**Bureau Of Labor and Industries 800 NE. Oregon St. Suite 1045 Portland OR**

**Legacy Health 1919 NW. Lovejoy St. Portland OR. 97209**

RESPONDENT(S) NAME and ADDRESS

**3.**

Attached to this petition is a copy of the agency order for which judicial review is sought.

**4.**

Petitioner was a party to the administrative proceeding that resulted in the order for which
review is sought.

**5.**
DESIGNATION OF RECORD

☒ Petitioner is <u>not</u> willing to stipulate that the agency record may be shortened.

☐ Petitioner is willing to stipulate that the agency record may be shortened and
designates only the following portions to be included in the record:

DATE: **May 7th 2012**    SIGNATURE: _____

Exhibit 6

EXHIBIT

0 0 0 0 0 1

## CERTIFICATE OF FILING

May 7th

I certify that on **May 7th of 2012** [DATE], I filed the original of the petition for judicial review with the Appellate Court Administrator at the following address:

**ATTN: Records Section**
**Appellate Court Administrator**
**Supreme Court Building**
**1163 State Street**
**Salem, OR  97301-2563**

by the following method of filing:

INDICATE METHOD OF FILING

☒ United States Postal Service, ordinary first class mail.

☐ United States Postal Service, certified or registered mail, return receipt requested.

☐ Hand delivery

☐ Other (specify):_____

## CERTIFICATE OF SERVICE

I certify that on **5/7/2012** [DATE], I served a true (exact) copy of the petition for judicial review to the following parties at the addresses set forth below:

**ATTORNEY GENERAL**, Office of the Solicitor General, 400 Justice Building,
1162 Court Street NE, Salem, Oregon, 97301
**AGENCY/BOARD** NAME AND ADDRESS: Bureau of Labor and Industries
800 NE. Oregon St. Suite 1045 Portland OR. 97232-2180
**RESPONDENT:** NAME AND ADDRESS Bureau of Labor and Industries
800 NE. Oregon St. Suite 1045 Portland OR. 97232-2180
**OTHER PARTY:** NAME AND ADDRESS Legacy Legacy Health
1919 NW. Lovejoy St. Portland OR 97209

by the following method of service:

INDICATE METHOD OF SERVICE BY CHECKING THE APPROPRIATE BOXES BELOW:

☒ United States Postal Service, ordinary first class mail.

☐ United States Postal Service, certified or registered mail, return receipt requested.

☐ Hand delivery

☐ Other (specify):_____

DATE: 5/7/2012      SIGNATURE: _____

Exhibit 6

EXHIBIT

000009

**IN THE COURT OF APPEALS OF THE STATE OF OREGON**

Jerry Alexander Mancho           )     Case No. STPARC 120120-10061
                                 )
                                 )     ☒ Appellant/Petitioner
                    v.           )     ☐ Respondent
                                 )
Bureau of Labor and Industries   )     **MOTION FOR WAIVER**
                                 )     **OR DEFERRAL OF FEES**

I am asking for waiver or deferral of fees in this case because I am unable to pay all or part of the fees. The following information is complete and accurate to the best of my knowledge. I understand that I am required to provide documentation verifying this information. I understand that failure to do so could result in my request being denied.

1.  I am applying for           ☒ WAIVER  ( A fee "waiver" means that you are not required to pay some or all of your fees because the court has determined that, based on your income and other relevant factors, you are unable to pay.)  OR

                                ☐ DEFERRAL  (A fee "deferral" means that the court has determined that you must pay the court fees, but that you can pay the fees owed over a specified period of time.)

of the following fees (check all that apply):

☒ Appellant's Filing Fee(s)              ☐ Respondent's Appearance Fee(s)
☒ Motion Fee(s) - Filing                 ☐ Motion Fee(s) – Response

2.  I declare that (check one of the boxes below):

☐ I am receiving assistance from at least one of the following programs:

    Food Stamps                          Oregon Health Plan with Limited Drug
    Oregon Health Plan Standard          Supplemental Security Income (SSI)
    Oregon Health Plan Plus              Temporary Assistance to Needy Families (TANF)

    If you checked the above box, you must show proof that you are receiving assistance from the program. You must also complete and file the declaration with this motion.

☒ Even though I am <u>NOT</u> receiving assistance from any of the above programs, I am still unable to pay the fees.

    If you checked the above box, you must complete and file a Declaration for Waiver or Deferral of Fees with this motion.  The declaration is designed to prove to the court that you do not have sufficient financial resources to pay the fees.  If the court defers fees, I understand that:

a.  The fees are an obligation owed by me to the State of Oregon and that the court may place me on a payment schedule.  I agree to pay the fees according to the payment schedule.  If I fail to pay according to the payment schedule, the total amount of the unpaid fees are due immediately.

**-Exhibit** 16

EXHIBIT

0 0 0 0 0 3

## IN THE COURT OF APPEALS OF THE STATE OF OREGON

Jerry Alexander Menchu     )    Case No. STPARC 420120-70061

    )

    )    ☒ Appellant/Petitioner

v.     )    ☐ Respondent

    )

Bureau of Labor and Industries.     )    **DECLARATION FOR WAIVER**

    )    **OR DEFERRAL OF FEES**

*ACCESS TO THIS DOCUMENT IS RESTRICTED PURSUANT TO THE COURT'S POLICY*
*TO PROTECT THE PERSONAL PRIVACY INTERESTS OF PARTIES*

**1. PERSONAL INFORMATION**

Full Name   Jerry    Alexander    Menchu    06/05/1969
     FIRST NAME      MIDDLE NAME      LAST NAME      DATE OF BIRTH

Residence Address 1190 SW. 170th ave. # 202 Beaverton OR. 97006
     STREET ADDRESS      CITY      STATE      ZIP

Mailing Address (if different) The Same
     ADDRESS      CITY      STATE      ZIP

Telephone Number 503-334-7043 *SSN 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 ODL/ID _____ Marital Status Married

*I am providing my Social Security number on a voluntary basis. I understand that I cannot be compelled to provide it or be denied consideration solely for failure to provide it. It may be used to verify my identification, credit and employment information, and for collection purposes of court imposed monetary obligations.

**Names, Relationships, and ages of legal dependants living in household:**

| Name/Relationship | Age | Name/Relationship | Age |
|---|---|---|---|
| Candice Menchu | 5e51 | | |
| | | | |
| | | | |

**2. EMPLOYMENT AND INCOME**      three 5years

☐ Currently Employed    ☒ Not Currently Employed   How long since last employment? Five years

Employer Name (use previous employer if not currently employed) Self Employed

Employer Address 100 735 SW. St. clair ave 1102 portland or 97205   Work Phone 503-516-7318

Occupation (job title) Interpreter   Length of Employment 10 years   Amount of Last Paycheck $ Five thousand a month

Hourly Wage $ _____ Hours Per Week _____ Monthly Income: Gross $ _____ Net (after taxes) $ _____

Based on sale approx 5,000 x month

**Spouse's Employment**

☐ Currently Employed    ☒ Not Currently Employed   How long since last employment? 2 years

Employer Name (use previous employer if not currently employed) Pacific Sleep Program

Employer Address 11790 SW. Barbur Rd. Portland OR. 97225   Work Phone 503-228-4414

Occupation (job title) Sleep tech.   Length of Employment 4 years   Amount of Last Paycheck $ 4610

Hourly Wage $ 23   Hours Per Week 35   Monthly Income: Gross $ 3,200   Net (after taxes) $ 2,100

**Other income for you, spouse, dependants, or household members** (for example: Social Security, unemployment, retirement, public assistance, child support, workers' compensation, disability, tribal benefits, etc.):

| Source of Income (describe) | Amount | How long received? | How often received? |
|---|---|---|---|
| None | $_____ | | |
| | $_____ | | |
| | $_____ | | |

Exhibit

EXHIBIT 6

0 0 0 0 0 4

**Other household members who help pay your living expenses:**

| Relationship | Amount | Payment for what (describe)? |
|---|---|---|
| None | $_____ | |
| _____ | $_____ | _____ |

**3.  MONEY ON HAND / IN BANK OWNED BY YOU AND YOUR SPOUSE**    Cash $ 200.⁰⁰

Checking Account Number __None__    Bank/Credit Union _____    Balance $ _____

Savings Account Number _____    Bank/Credit Union _____    Balance $ _____

Other Account Number _____    Institution _____    Balance $ _____

**4.  MOTOR VEHICLES OWNED BY YOU AND YOUR SPOUSE**

| Year, Make, and Model | Value | Amount Owing | Payments made to: |
|---|---|---|---|
| _____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | _____ |

**5.  REAL ESTATE OWNED BY YOU AND YOUR SPOUSE**

| Address (include city and state) | Year Purchased | Purchase Price | Value | Amount Owing | Payments made to: |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | _____ |

**6.  ALL OTHER PROPERTY OR ASSETS** (example: stocks, bonds, trailers, ATVs, RVs, boats, guns, jewelry, livestock, etc.):

| Description | Value | Description | Value |
|---|---|---|---|
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |

**7.  MONEY OWED TO YOU OR YOUR SPOUSE BY OTHERS** (example: tax refunds, judgments, trust funds, etc.):

| Name of Debtor Owing You Money | Amount Owed | Date Expected |
|---|---|---|
| _____ | $_____ | _____ |
| _____ | $_____ | _____ |

**8.  MONTHLY LIVING EXPENSES**

Rent/Mortgage Payment $ 545.⁰⁰    Vehicle Payment $ _____

Credit Card Payment $ _____    Vehicle Insurance $ _____

Child Support Payment $ _____    Transportation Costs $ _____

Court Fines/Payments $ _____    Doctors/Medical Costs $ _____

Food $ 100.⁰⁰    Other _____ $ _____

Household Utilities (gas, electric, water, sewer, garbage, phone, etc.) $ _____

**9.  LIQUIDATION OF ASSETS**

If you are unable to sell or liquidate your assets, please use this space to explain why: _____

_____

I hereby declare that the above statement is true to the best of my knowledge and belief. I understand that it is made for use as evidence in court and is subject to penalty for perjury.

Date: 05/7/2012    Signature: _____

Name (printed or typed): Jerry Menchu

Exhibit 6

EXHIBIT

0^0005

b. The court may enter a judgment against me for the unpaid amount of the fees that are deferred and the judgment will be enforced without regard to the outcome of the case. *See* ORS 21.605.

c. If the court establishes a payment schedule or refers a judgment for collection, the law allows administrative and collection costs to be automatically added to the judgment without further notice to me or further action by the court.

3. I understand that if the clerk denies my motion, I have the right to ask a judge to review my motion.

05/07/2012
Date    Signature

_____
Name (printed or typed)

## CERTIFICATE OF SERVICE

I certify that I served a true copy of this motion on:

Bureau of Labor and Industries
(NAME OF OPPOSING PARTY)

800 NE. Oregon St. Suite 1045 Portland OR. 97232-2180
(ADDRESS OF OPPOSING PARTY)

Legacy Health
(NAME OF OPPOSING PARTY)

1919 NW. Lovejoy St. Portland OR. 97209
(ADDRESS OF OPPOSING PARTY)

May 7th 2012
Date    Signature

Jerry A. Menchu
Name (printed or typed)

Exhibit
EXHIBIT
ΛΛ 0 0 0 6

# Exhibit 7

Case 3:12-cv-02075-YY    Document 139-1    Filed 02/24/14    Page 21 of 59
Case 3:12-cv-01366-AC    Document 25-1    Filed 02/22/13    Page 29 of 40    Page ID#: 142
P. 1 of 6



**DEPARTMENT OF HEALTH & HUMAN SERVICES**          **OFFICE OF THE SECRETARY**

Voice - (206) 615-2290, (800) 362-1710                    **Office for Civil Rights, Region X**
TDD - (206) 615-2296, (800) 537-7697                      **2201 Sixth Avenue, Mail Stop RX-11**
(FAX) - (206) 615-2297                                     **Seattle, WA 98121-1831**
http://www.hhs.gov/ocr/

Date:    MAY **1 0 2012**

Mr. Jerry A. Menchu
1190 SW 170th Avenue #202
Beaverton, OR 97006

RE:    OCR Transaction No. 12-133131

Dear Mr. Menchu:

This letter is to inform you that the U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR), has completed its investigation of your complaint against the Legacy Health System. The enclosed letter explains our findings and determination.

Under the Freedom of Information Act, we may be required to release this letter and other information about this case upon request by the public. In the event OCR receives such a request, we will make every effort, permitted by law, to protect information that identifies individuals or that, if released, could constitute a clearly unwarranted invasion of personal privacy.

If you have any questions regarding this letter, please contact Marisa M. Smith, PhD, of my staff, at (800) 362-1710 (Toll-free). When contacting this office, please remember to include the transaction number that we have given this file.

Sincerely yours,

*Linda Yuu Connor*

Linda Yuu Connor
Regional Manager

Enclosure

Exhibit ☐ 7

**EXHIBIT
0 0 0 0 0 1**

~~Exhibit "K"~~
~~P. 1 of 6~~

# Exhibit 8



**DEPARTMENT OF HEALTH & HUMAN SERVICES**    Office of the Secretary

Assistant Secretary for Public Affairs
Washington, D.C. 20201

May 22, 2012

Dear Requester:

This will acknowledge receipt of your Freedom of information (FOIA) request dated May 16, 2012.
Your request has been assigned a case number based on the date of its receipt in this office and is being
processed as expeditiously as possible. The actual processing time will depend on the complexity of
your request and whether sensitive records, voluminous records, extensive search, and/or consultation
with other HHS components or other executive branch agencies are involved. These agencies will
provide a direct response to you. There may be a charge for those records and, in some cases, the
charges may be substantial.

If you have any questions, please call (202) 690-7453 refer to case number 2012-0847EW

Freedom of Information/Privacy Acts Division
Office of the Assistant Secretary for Public Affairs
330 C Street, S.W.
Switzer Building, Room 2206
Washington, DC 20201



Exhibit 8

EXHIBIT

0 0 0 0 0 1

# Exhibit 9

# Bureau of Labor and Industries (BOLI)
## Civil Rights Division

### PUBLIC RECORDS REQUEST INVOICE

**TO BE COMPLETED BY CRD/BOLI**                     Date: **May 4, 2012**

In accordance with ORS 192.440(2) and OAR 839-030-0010, this acknowledges BOLI's receipt of your request for the following record(s):

Complainant Name: **MENCHU, JERRY A**        Case Number : **STPARC120120-10061**

Respondent: **LEGACY HEALTH**

Requestor: **JERRY MENCHU (CP)**

This is an invoice regarding your recent public records request in which you asked that BOLI provide you copies of public records or the opportunity to view public records. We have reviewed your request and determined the following:

- ☐ BOLI does not possess, or is not the custodian of, the public record(s) you have requested.
- ☐ More information or clarification is needed to respond to your request. Please provide the following information or clarification:
- ☐ BOLI is uncertain whether it possesses the public record(s) and will search for it and respond as soon as practicable.
- ☐ BOLI is the custodian of part or all of the public record(s) you have requested. We have attached an estimate of the cost of providing that record. Actual charges may vary. To obtain copies or view the requested record, complete and return the Request for Preparation of Records below. Copies of all public records requested that BOLI possesses and for which it does not claim an exemption under ORS 192.410 will be mailed or made available for pickup or viewing within a reasonable time after receiving this form.
- ☐ BOLI will fax the applicable public records to you when it receives payment for the charges itemized below.
- ☐ BOLI will mail the public records when it receives payment for the charges itemized below.
- ☐ BOLI will prepare the public records for viewing and notify you when it receives payment for the charges itemized below.

The charges for responding to your public records request are itemized below. The total is: $ **98.38**
Please make your **check or money order** payable to the Bureau of Labor and Industries and return your payment, **with a copy of this invoice**.

Sincerely,
Records Department/Civil Rights Division
Bureau of Labor and Industries
800 NE Oregon St., Suite 1045
Portland, OR 97232-2180
1-971-673-0764

### REQUEST FOR PREPARATION OF PUBLIC RECORDS
**TO BE COMPLETED BY REQUESTOR**

- ☐ I request that BOLI prepare and send the public records I requested. I have enclosed a check or money order for the estimated cost of preparing them.
- ☐ I request that BOLI prepare the public records I requested and notify me when they are ready. I have enclosed a check or money order for the preparation of the copies.
- ☐ I request to view the public record(s) I requested. I have enclosed a check or money order for the cost of preparing them for viewing and for staff time required to I review the record(s).
- ☐ I request that BOLI fax the public records I requested (maximum of 20 pages) to me. I have enclosed a check or money order for the preparation and faxing.

_____        _____
Requester Signature                                          Date

_____    _____    _____
Requester phone number    Requester e-mail (if applicable)    Requester fax number (if applicable)

**Exhibit 9**

**FOR CRD OFFICE USE ONLY**

**EXHIBIT
0 0 0 0 0 1**

Payment Received Date: _____

Assigned to Process: (date)_____    (staff) _____

Due Date: _____    Complete Date: _____

# Oregon

**Bureau of Labor and Industries**
Brad Avakian
Commissioner

June 15, 2012

JERRY MENCHU
1001 SW 5TH AVE
#1100
PORTLAND OR  97204

RE:  Request for copies of file:

NAME:     MENCHU V. LEGACY HEALTH.
NUMBER:   STPARC 12012 10061

Enclosed please find copies of the public records you requested.  Thank you for your payment.
The Division has not disclosed all the records requested because it has determined that one or more
records, or portions of records, are exempt from disclosure under ORS Chapter 192, Oregon's Public
Records Law.

The following information has been removed from the records we have provided:

☐  Information related to personal safety -- ORS 192.445(1)

☐  Trade secrets -- ORS 192.501(2)

☐  Tests and examination material -- ORS 192.501(4)

☐  Internal advisory communications -- ORS 192.502(1)

☐  Information of a personal nature such as but not limited to that kept in a personal, medical, or
similar file that would constitute an unreasonable invasion of privacy -- ORS 192.502(2)

☐  Workers' compensation claim records -- ORS 192.502(20)

☐  Other: _____

If you have any questions about the copies you have received, please call (971) 673-0802.

Sincerely,

File Copier
Bureau of Labor and Industries, Civil Rights Division
Portland OR  97232-2180
Enclosures
CP

**Exhibit 9**

| | | | |
|---|---|---|---|
| **PORTLAND**<br>800 NE Oregon St. Suite 1045<br>Portland, OR 97232-2180<br>(971) 673-0761<br>Fax (971) 673-0762 | **EUGENE**<br>1400 Executive Parkway, Suite 200<br>Eugene, OR 97401-7103<br>(541) 686-7623<br>FAX (541) 686-7980 | **BEND**<br>Apprenticeship and Training<br>Worksource Bend<br>1645 NE Forbes Rd, Ste 106<br>Bend, OR 97701-4990<br>(541) 322-2435<br>FAX (541) 389-8265 | **MEDFORD**<br>Apprenticeship and Training<br>119 N Oakdale Ave.<br>Medford, OR 97501-2629<br>(541) 776-6201<br>FAX (541) 776-6284 |

**SALEM**
3865 Wolverine St. NE; E-1
Salem, OR 97305-1268
(503) 378-3292
FAX (503) 373-7636

Oregon Relay TTY:711

www.oregon.gov/boli
AN EQUAL OPPORTUNITY EMPLOYER

**PENDLETON**
Civil Rights
1327 SE 3rd St.
Pendleton, OR 97801-4101
(541) 276-7884
FAX (541) 276-5767

# BUREAU OF LABOR AND INDUSTRIES
# CIVIL RIGHTS DIVISION
## CASE INDEX

Complainant:      Jerry Menchu
Respondent:       Legacy Health d/b/a Good Samaritan Hospital
Case Number:      STPARC120120-10061
Investigator:     Mark Hansen

| TAB | ITEM | DATED | RECEIVED | SOURCE |
|-----|------|-------|----------|--------|
| 1 | Complaint | | 1/20/12 | CRD |
| 2 | Notification Letters | 1/26/12 | | CRD |
| 3 | Intake questionnaire/materials/notes | | 1/19/12 | CRD |
| 4 | Corporation information | | | Corp Div. |
| 5 | Position Statement | 2/8/12 | 2/8/12 | Respondent |
| 6 | Complainant Initial Interview | 3/13/12 | | CRD |
| 7 | Complainant's exhibits | | 3/13/12 | Complainant |
| 8 | Complainant's exhibits | | 4/3/12 | Complainant |
| 9 | Complainant's exhibits | | 4/3/12 | Complainant |
| 10 | Complainant's exhibits | | 4/3/12 | Complainant |
| 11 | Complainant's exhibits | | 4/5/12 | Complainant |
| 12 | Response to RFI | 4/19/12 | 4/19/12 | Respondent |
| 13 | Response to RFI | 4/20/12 | 4/20/12 | Respondent |
| 14 | Exit Letter | 4/25/12 | | CRD |
| 15 | Dismissal Memo | 4/25/12 | | CRD |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | Exhibit | 9 |
| 21 | | | | |
| 22 | | | | |

EXHIBIT
00003

FORM DMF - 123
7-31-75
FORMERLY AD-71A

FEDERAL COORDINATION
AND
COMM ... NGT SECTION

2011 JUN -9   AM 11: 22

### NOTICE

#### PLEASE

DO NOT REMOVE THIS SLIP FROM
THE ATTACHED CORRESPONDENCE
SINCE IT IS A PERMANENT PART
OF THE RECORD.

DIRECTIVES AND RECORDS MGT. UNIT
ADMINISTRATIVE SERVICES SECTION
OPERATIONS SUPPORT STAFF
OFFICE OF MANAGEMENT & FINANCE

Exhibit 9

000001

# Exhibit 10



**DEPARTMENT OF HEALTH & HUMAN SERVICES**            Office of the Secretary

Washington, D.C. 20201

Case No. 2012-0847 EW

August 22, 2011

Mr. Jerry Menchu
1001 SW 5th Avenue, #1100
Portland, OR 97204

Dear Mr. Menchu:

This letter is in response to your May 16, 2012 Freedom of Information Act (FOIA) request, for all
records for the Department of Health and Human Services (HHS) Office of Civil Rights (OCR)
Transaction No. 12-133131.

The OCR has conducted a search and located 1,151 pages of responsive records, of which 1,125 pages are
enclosed. I have determined to withhold portions of the released records under FOIA exemption (b)(4),
(b)(5), (b)(6), and (b)(7)(C), and 26 pages, in their entirety, under exemption (b)(4), (b)(5), (b)(6), and
(b)(7)(C).

The FOIA exemption (b)(4) permits the withholding of commercial or financial information that was
obtained from a person or organization outside the government and that is privileged or confidential. The
fully withheld pages consist of internal policy and procedures.

The FOIA exemption (b)(5) permits the withholding of information which contains intra-agency and/or
inter-agency communications and documents the deliberative process. In this case, the fully withheld
pages consist of internal memoranda and staff recommendations as to the disposition of the case.

The FOIA exemption (b)(6) permits the withholding of information which, if released, would constitute a
clearly unwarranted invasion of personal privacy. Exemption (b)(7)(C) permits the withholding of records
compiled for law enforcement purposes when disclosure could constitute an unwarranted invasion of
personal privacy. In this case, the information withheld consists of security reports and personal
identifiers.

There are no fees for FOIA processing services in this instance, as the billable costs do not exceed our
$25 threshold for billing purposes.

If you have reason to believe that the information withheld should not be exempt from disclosure you
may appeal. Your appeal should be mailed within 30 days from the date of this letter, to the Director,
News Division, U.S. Department of Health & Human Services, 330 C Street, SW, Room 2206, Mary E
Switzer Building, Washington, DC 20201. Clearly mark both the envelope and your letter "Freedom of
Information Act Appeal."

Sincerely yours,

*Robert Eckert*                Exhibit   $\boxed{\omega}$
Robert Eckert
Director
FOI/Privacy Acts Division                **EXHIBIT**
Office of Public Affairs                  0 0 0 0 0 **1**

Exhibit 11



## IN THE COURT OF APPEALS OF THE STATE OF OREGON

JERRY ALEXANDER MENCHU,
Petitioner,

v.

BUREAU OF LABOR AND INDUSTRIES and LEGACY HEALTH,
Respondents.

Oregon Bureau of Labor and Industries
STPARC12012010061

A151398

### APPELLATE JUDGMENT

Petitioner filed a petition for judicial review of a letter from the Oregon Bureau of Labor and Industries (BOLI) dated April 26, 2012 dismissing petitioner's complaint. By order of May 17, 2012 the court ordered petitioner to show cause why the judicial review should not be dismissed on the ground that the decision memorialized in the BOLI letter is not subject to judicial review by this court. Petitioner has not responded to that order.

Respondent has moved for an order determining that this court lacks jurisdiction on the ground that there is no statutory right to appeal from dismissal of a complaint, but rather, petitioner's remedy is to file a civil action in circuit court. Petitioner has not responded to that motion. The motion for determination of jurisdiction is granted.

For the reason articulated in respondent's motion and in the court's order to show cause, the court determines that it lacks jurisdiction to review the BOLI decision. On that ground the court dismisses the judicial review.

| JUN 21, 2012 | /s/ James W. Nass |
|---|---|
| DATE | James W. Nass, Appellate Commissioner |

---

### DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS

Prevailing party:  Respondent                    [X]  No costs allowed.

---

Appellate Judgment
Effective Date:  September 10, 2012

c:  Inge D Wells
    Jerry Alexander Menchu

Exhibit
COURT OF APPEALS
(seal)

EXHIBIT
000001

**APPELLATE JUDGMENT**

# Exhibit 12

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Office of the Secretary

Office for Civil Rights
Washington, DC 20201

Mr. Jerry A. Menchu                          October 24, 2012
1190 SW 170th Avenue, #202
Beaverton, WA 97006

Transaction Number: 12-144054

Dear Mr. Menchu:

Thank you for contacting the Office for Civil Rights (OCR). We received your e-mail on June 4, 2012, in which you requested that we review the findings of OCR Region X regarding your complaint against the Legacy Health System (Transaction Number: 12-133131). You asked us to review the investigation with additional materials you sent to the Regional Office in May 2012 and additional materials sent to our office over the past two months.

We read the information in your correspondence and the materials you sent very carefully, and we reviewed the case file. We note that the evidence supports the Findings of Fact and the Analysis presented in Region X's closure letter. We find that the investigation was sufficient, that all necessary evidence was considered during the investigation, and that the decision was consistent with the law and pertinent regulations. Therefore we affirm the decision of the OCR Regional Office in this case. This affirmation is not intended, and should not be construed, to cover any other issues that may exist and are not specifically discussed in the initial decision regarding compliance with the applicable law.

This decision is final, and OCR has closed the case. While we recognize that this is not the decision you sought in this case, please be assured that it is derived through careful consideration.

Sincerely,

Robinsue Frohboese

Robinsue Frohboese, J.D., Ph.D.
Deputy Director
Civil Rights Division

cc:    Linda Yuu Connor
       Regional Manager
       Region X
       Attn: Therese Martin

Exhibit 12
EXHIBIT
0 0 0 0 0 1

# Exhibit 13



**DEPARTMENT OF HEALTH & HUMAN SERVICES**    Office of the Secretary

Washington, D.C. 20201

Appeal Case No.: 2012-0847A KE
Case No. 2012-0847EW

Mr. Jerry Menchu                              NOV    6 2012
1001 SW 5th Avenue
#1100
Portland, OR 97204

Dear Mr. Menchu:

This letter is in response to your September 12, 2012, Freedom of Information Act (FOIA) appeal
of Mr. Robert Eckert's response to your May 16, 2012, request seeking the records of Office of
Civil Rights (OCR) Transaction No. 12-133131. In his response, Mr. Eckert provided one
thousand, one hundred and fifty-one (1,151) pages of responsive records and advised you that
portions of the released pages, and twenty-six (26) pages, in their entirety, were being withheld
under FOIA exemption (b)(4), (b)(5), (b)(6) and (b)(7)(C).

In your appeal letter, you questioned the withholding of the information on the released pages
and the 26 pages, stating:

- all information withheld under exemption (b)(4) that is not a trade secret should be
  released;
- internal memoranda and other communications should not be withheld under exemption
  (b)(5), because Transaction No. 12-133131 has been closed and all internal
  communications must therefore be post-decisional, and that factual portions must be
  disclosed unless inextricably intertwined with the exempt portions;
- only information such as personal email addresses, phone numbers, eye and hair color
  should be redacted under exemption (b)(6), and the names of individuals should be
  released;
- the security reports submitted by the covered entity to the OCR should not be redacted
  because the hospital facilities are public buildings, and because security reports do not
  qualify as law enforcement records under the FOIA exemption (b)(7)(C);
- FOIA requires the release of the names and titles or positions of each person responsible
  for the denial; and
- with respect to all 26 pages withheld in full, the FOIA office failed to provide sufficient
  information concerning the pages, their content, or their location within the document.

Upon receipt, your appeal was forwarded to the OCR for its advice, and a second review of the
withheld information was performed. Upon review, I have determined to overturn some
withholdings and to uphold other withholdings.  Exhibit

EXHIBIT    13

0 0 0 0 0 1

Appeal No.: 2012-0847A KE
Case No.: 2012-0847 EW
Jerry Menchu
Page 2 of 5

**Exemption (b)(4).** FOIA Exemption (b)(4) it protects trade secrets and commercial or financial information that is obtained from a person and privileged or confidential. Courts have little difficulty regarding information as commercial or financial if it relates to business or trade, as long as the submitter has a commercial interest in the information, Pub. Citizen Health Research Group, 704 F.2d at 1290 (citing Wash. Post Co. v. HHS, 690 F.2d 252, 266 (D.C. Cir. 1982), and Bd. of Trade v. Commodity Futures Trading Comm'n, 627 F.2d 392, 403 (D.C. Cir. 1980), and have noted that the exemption may be applied to protect information submitted by non-profit entities. Critical Mass Energy Project v. NRC, 830 F.2d 278, 281 (D.C. Cir. 1987).

In this case, the withheld information consists of internal business policies and business operating procedures developed and utilized by Legacy Health Systems (LHS). My assessment of the information is that it reveals internal business practices of LHS that, if disclosed, would give a competitive advantage to similar entities, who could copy the policies and procedures without having to undertake the effort and expense to develop their own.

Upon careful review, however, I have determined that some of the information, such as the headings of the documents, may be released without competitive harm to the submitter. Therefore, please find enclosed four pages in which additional information has been released.

**Exemption (b)(5).** You are correct that the portions of the internal memoranda and communications which are factual must be disclosed unless inextricably intertwined with the exempt portions. Accordingly, I am releasing to you the purely factual portions of nine pages of internal memoranda and notes.

The fact that Transaction No. 12-133131 has been closed does not render internal communications regarding the transaction post-decisional. It is well settled that the predecisional character of a document is not altered by the fact that an agency has subsequently made a final decision; instead, it is the document's role in the agency decision-making process that controls. (*See*, e.g., Fed. Open Mkt. Comm. v. Merrill, 443 U.S. 340, 360 (1979); May v. Dep't of the Air Force, 777 F.2d 1012, 1014-15 (5th Cir. 1985); Cuccaro v. Sec'y of Labor, 770 F.2d 355, 357 (3d Cir. 1985); Elec. Privacy Info. Ctr. v. DHS, 384 F. Supp. 2d 100, 112-13 (D.D.C. 2005); Judicial Watch of Fla., Inc. v. DOJ, 102 F. Supp. 2d 6, 16 (D.D.C. 2000)). Three policy purposes consistently have been held to constitute the bases for exemption (b)(5): (1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are actually adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

In this case, the withheld material includes the investigator's internal notes on telephone contacts, the investigator's analysis and recommendations concerning the conduct of the case, and the investigator's internal notes for the file. Release of this information would discourage OCR investigators from being frank about recording their thoughts and impressions during

EXHIBIT

000002

Appeal No.: 2012-0847A KE
Case No.: 2012-0847 EW
Jerry Menchu
Page 3 of 5

interviews with witnesses, and from freely sharing their analyses and recommendations to memoranda in future cases. Moreover, disclosure of such notes and impressions also could cause confusion about the grounds for OCR's decision in this case.

**Exemption (b)(6).** The Supreme Court has made clear that all information that "applies to a particular individual" meets the threshold requirement for Exemption 6 protection. United States Department of State v. Washington Post Co., 456 U.S. 595, 602 (1982). Courts have held that individuals have a privacy interest in their names and other personally identifying information. Associated Press v. DOJ, 549 F.3d 62, 65 (2d Cir. 2008); Yelder v. DOD, 577 F. Supp. 2d 342, 346 (D.D.C. 2008); People for the Am. Way Found., 503 F. Supp. 2d at 304, 306. In this case, the release of the identities of individuals in the withheld LHS security reports would certainly be an invasion of their privacy, because it would associate them with allegations of trespassing and other charges, and release of a document relating to an individual's personnel file would be a clearly unwarranted violation of privacy.

Having established a privacy interest, the analysis then moves to balancing the individuals' privacy interest against the public interest in disclosure. The Supreme Court has limited the concept of public interest under the FOIA to the core purpose of the Act: to shed light on an agency's performance of its statutory duties. DOJ v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989). The Court has stated that disclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind. The burden of establishing that disclosure would serve the public interest is on the requester.

In applying the Exemption 6 balancing test in this case, I find that the individuals named and described in the withheld LHS security reports have a substantial privacy interest in nondisclosure of their identities in association with the reports, because the disclosure would associate them with the allegation of trespassing and other charges, and release of a document from an individual's personnel file would disclose a highly personal matter. By contrast, you have not articulated a counter-balancing, qualifying public interest in these disclosures; i.e., you have not explained how knowing the individuals' identities, or disclosure of private personnel records, would tell the public something about the workings of the federal government.

**Exemption (b)(7)(C).** Exemption (b)(7)(C) provides protection for personal information in law enforcement records. In this case, the records at issue are files compiled during an OCR investigation of a possible civil rights violation. Courts have long recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation, and have given particular protection to third parties mentioned in law enforcement records. Blanton v. DOJ, 64 F. App'x 787, 789 (D.C. Cir. 2003); Schoenman v. FBI, 575 F. Supp. 2d 136, 159 (D.D.C. 2008; Carp v. IRS, No. 00-5992, 2002 WL 373448, at *4-5(D.N.J. Jan. 28, 2002). In this case, the third parties mentioned in the OCR file, including those whose names appear in the security reports, have a strong privacy interest in not being associated with the investigation of an alleged civil rights violation.

Exhibit 13

EXHIBIT

000003

Appeal No.: 2012-0847A KE
Case No.: 2012-0847 EW
Jerry Menchu
Page 4 of 5

However, in reviewing the information withheld from the security reports on the basis of Exemptions 6 & 7C, I have determined that some of the withheld information can be segregated and released to you without revealing the individuals' identities. Therefore, please find enclosed with this letter eighty-seven pages of security reports with additional information disclosed, but with continued protection of the identities of other private individuals. Please note some names on the security reports were redacted before the reports were sent to the OCR, and therefore, are not marked with FOIA exemptions.

**The fully-withheld pages.** In response to your concern about the 26 fully-withheld pages, upon careful review, I have determined that the wording of Mr. Eckert's letter may have led to the mistaken impression that an additional 26 pages were withheld from you, but that is not the case.

You were provided all 1,151 pages located by the OCR in its search for responsive records. The information on 26 of the released pages was withheld, and these are the 26 fully-withheld pages mentioned in Mr. Eckert's letter. This was confirmed by comparing the documents located in the OCR search with the documents on the disk which you submitted with your appeal, which included copies of the documents released to you. The OCR search located 1,151 pages. The documents released to you, when the pages are added together, comprise a total of 1,151 pages. The redaction boxes on these pages show the location of the redacted information. Each page reflects the FOIA exemption for each redaction. Mr. Eckert's cover letter gives an explanation of each exemption and includes a description of the information withheld under the exemption. This letter provides additional information on the application of the exemption to the withheld information. In addition, some of the pages have now been released with more limited redactions.

In response to your question concerning the name and title of the person responsible for the denial, please be advised that the response letter to you was signed by the person responsible for the denial, Robert Eckert, Director of the Freedom of Information and Privacy Acts Division.

Upon careful review of your appeal and of the file, and after careful consideration, I have determined to uphold the decision to withhold the remaining portions of the records under the FOIA exemptions (b)(5), (b)(6) and (b)(7)(C), and to overturn the decision to withhold some portions of the segregable information on the released pages.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS service does not affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS in any of the following ways:

Exhibit 13

EXHIBIT

000004

Appeal No.: 2012-0847A KE
Case No.: 2012-0847 EW
Jerry Menchu
Page 5 of 5

> Office of the Government Information Services
> National Archives and Records Administration
> Room 2510
> 8601 Adelphi Road
> College Park, MD 20740-6001
> E-mail:ogis@nara.gov

> Telephone:    301-837-1996
> Facsimile:    301-837-0348
> Toll-free:    1-877-684-6448

This letter constitutes the final decision of the Department in this matter. If you wish, you may seek judicial review in the district court of the United States in the district in which you reside, or in which the agency records are located, or the District of Columbia.

> Sincerely yours,

> William H. Hall
> Director, News Division
> Assistant Secretary for Public Affairs

Exhibit 13

EXHIBIT
000005

# Exhibit 14

UNITED STATES DISTRICT COURT 
DISTRICT OF OREGON
PORTLAND DIVISION

FILED 30 JUL '12 10:53 USDC-ORP

JERRY ALEXANDER MENCHU
1190 SW 170th Avenue
Portland, Oregon. 97006
(503) 334-7043
Menchu36@gmail.com
Plaintiff,

$5'12 - CV - 1360 \ AC$

V.

US DEPARTMENT OF  HEALTH AND HUMAN
SERVICES (HHS) OFFICE OF CIVIL RIGHTS
(OCR) REGION X (10)
2201 Sixth Avenue – M/S: RX-11
Seattle, WA 98121-1831
Defendant.

### COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C.  552, to order the production

of agency records, concerning all transcript of a discrimination investigation case filed under

OCR Transaction No. 12-133131 which defendant has improperly withheld from plaintiff

2. This court has jurisdiction over this action pursuant to 5 U.S.C. 552(a)(4)(B).

3. Plaintiff, Jerry Alexander Menchu, is the complainant of this case OCR Transaction No. 12-

133131 and is the requester of the records which defendant is now withholding. Plaintiff has

requested in an "expedited processing manner" this information to be used for his rebuttal and

to be sent with last reconsideration request to the Deputy Director, Civil Rights Division,

Washington DC. This office of the Director of OCR haves 90 days (Due August 31, 2012) to

decide if reconsideration is substantial and if the appellant of this case OCR Transaction No. 12-

133131 proves this by rebuttal, then this office may reconsider and re-open the case and

because of this, prompt release of the information is essential to meeting a deadline by this

office; Therefore obtaining this information is of vital importance because it will be necessary to

**Exhibit** $14$

**EXHIBIT**

**0 0 0 0 0 1**

prove "good cause" to convince this office Deputy Director OCR to expedite consideration of this case OCR Transaction No. 12-133131.

4. Defendant US DEPARTMENT OF HEALTH AND HUMAN SERVICES (HHS), OFFICE OF CIVIL RIGHTS (OCR), REGION X (10) is an agency of the United States and has possession of the documents that plaintiff seeks.

5. By letter dated May 16, 2012, (USPS Regular Mail) plaintiff requested access to all transcript of investigation OCR Transaction 12-133131. A copy of this letter is attached as Exhibit 1.

6. By letter dated June 6, 2012, (USPS Signature conf. number 2305 1590 0001 4432 9297 also witness Notary Public – Oregon Gregory R Heaton Commission No. 461909) plaintiff submitted a second request because of failure from the defendant to respond to letter dated May 16, 2012. A copy of this letter is attached as Exhibit 2.

7. By letter dated June 28, 2012 (USPS Certified conf. number 9402715901063586067164 also witness Notary Public – Oregon Kristin Marie Demaree Commission No. 456625) plaintiff Submitted a letter of appeal because of failure from the defended to respond to letter dated May 16 and June 6, 2012. A copy of this letter is attached as Exhibit 3.

8. Plaintiff has a right of access to the requested information under 5 U.S.C. 552(a)(3), and there is no legal basis for defendants denial of such access.

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide access to the requested documents on an Expedited Processing manner because failure to get the requested records in an expedited fashion will result in the loss of substantial due process rights;

(2) Expedite this proceeding as provided for in 28 U.S.C. 1657;

(3) Award plaintiff costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. 552(a)(4)(E); and

(4) Grant such other and further relief as may deem just and proper.

Exhibit 14

EXHIBIT

0 0 0 0 0 2

Respectfully submitted,

Jerry Alexander Menchu
1190 SW 170th Avenue #202
Beaverton Oregon 97006
Dated: July 30, 2012



Exhibit 14

000008

# Exhibit 15

## Jerry Menchu

**From:** "Danielson, Kevin C. (USAOR)" <Kevin.C.Danielson@usdoj.gov>
**To:** "Jerry Menchu" <manger28@hotmail.com>
**Sent:** Tuesday, December 11, 2012 5:27 PM
**Attach:** Menchu.redacted.1-13.pdf
**Subject:** Menchu v. US

Jerry:

      Agency counsel believes that the first 13 pages of that big file were not given to you in the correct order. He thinks it was like someone dropped those pages on the floor and then put them back in the wrong order. We think that this is the correct order and it should make more sense. Please print these out and I will see you at 9:40 am tomorrow.

Kevin Danielson
Assistant U.S. Attorney
District of Oregon
1000 SW Third Ave. | Suite 600 | Portland, OR 97204
503.727.1025 | kevin.c.danielson@usdoj.gov



Exhibit 15
EXHIBIT

0 0 0 0 0 1

# LEGACY HEALTH

## LEGACY SAFETY/SECURITY DEPARTMENT

POLICY #: SEC- 305
EFFECTIVE DATE: 04-1991
REVISION DATE: 03-2010

---

SUBJECT: Criminal Trespass Warnings

---

### PURPOSE:

To establish guidelines as to how and when written trespass warnings will be issued.

### POLICY:



1.

2.

3.

(b)(4)

4.

Exhibit 15

EXHIBIT
0 0 0 0 0 2

1

## INTERVIEW NOTES

Transaction Number:  12-133131

Date of Interview:    March 13, 2012

Type of Interview:    Phone

(b)(6)

(b)(5)

(b)(6), (b)(5)

Exhibit
EXHIBIT

Page 1 of 3

^ ^ ^ 9 0 3

(b)(5), (b)(6)

Exhibit 15

Page 2 of 3

EXHIBIT
∩∧ʘ0 0 4

(b)(5), (b)(6)

Exhibit $15$ Page 3 of 3
EXHIBIT
0 0 0 0 0 5
0 0 0 0 0 5

Title: 300.06.01 Visitor Behavior
Management
Revision: 1.1

**LEGACY HEALTH**

**ADMINISTRATIVE**

Policy #:            300.06.01
Origination Date:    4/98
Last Revision Date:  4/2011

| SECTION: | FACILITIES & SAFETY |
|---|---|
| SUBJECT: | VISITOR BEHAVIOR MANAGEMENT |

**PURPOSE:**

To maintain individual rights while protecting Legacy Health patients, staff, visitors and property.

(b)(4)

Exhibit 15

EXHIBIT
0 0 0 0 6

(b)(4)

**Approvals:**   Environment of Care Committee
                 Executive Council
**Originator:**  Director, LHS Safety/Security

Exhibit -15

EXHIBIT
0 0 0 0 0 7

# Civil Rights - Recommendation for Action

**Date:** December 22, 2011
**Investigator:** Marisa M. Smith
**Complainant:** Jerry Menchu
**Covered Entity:** Legacy Health System (Legacy)
**Trans No.:** 12-133131

(b)(5)

Exhibit 15

EXHIBIT

000008

(b)(5)



Exhibit 15

*Jerry Menchu ROC*
*11/16/2011*

*Trans #: 12-133131*
*Menchu v Legacy Health System*

## Record of Contact

**Date:**                    November 16, 2011

**Time:**                    1:21 p.m.

**Contact With:**            Jerry Menchu, Complainant

**Telephone Number:**        503/334-7043

**Transaction Number:**      12-133131

**File Reference:**          Menchu v Legacy Health System

(b)(5)

1

Exhibit 15

EXHIBIT

0 0 0 0 1 0

*Jerry Menchu ROC*
*11/16/2011*

*Trans #: 12-133131*
*Menchu v Legacy Health System*

(b)(5)

2

Exhibit 15

EXHIBIT
∩∩00011

*Jerry Menchu ROC*
*11/16/2011*

(b)(5)

3    Exhibit  15

EXHIBIT

0 0 0 0 1 2

(b) (6)

(b)(6)

Exhibit 15

EXHIBIT
0 0 0 0 1 3

11/6/11  Notes:

(b)(5)

Exhibit 15

EXHIBIT

000014